**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| ZDENKA VOKSA,<br><br>     *Plaintiff,*<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>     *Defendant.* | Civil Action No. 3:26-cv-342<br><br>(Removal from the Small Claims Court, District Court Division, Mecklenburg County, North Carolina, Case No. 26CV015798–590) |

## NOTICE OF REMOVAL

NOW COMES Wells Fargo Bank, N.A. ("Wells Fargo"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and hereby removes the above-captioned action from the Small Claims Court, District Court Division, Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division.  Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction from 28 U.S.C. § 1331.  Wells Fargo appears for the purpose of removal only and for no other purpose. Wells Fargo reserves all rights and defenses.  Wells Fargo states the following as grounds for removal:

## I.    BACKGROUND AND PROCEDURAL HISTORY

1.     On March 18, 2026, Zdenka Voksa ("Plaintiff") filed a Complaint for Money Owed (the "Complaint") in the District Court of Mecklenburg County, North Carolina, Case Number 26CV015798–590, captioned *Zdenka Voksa v. Wells Fargo Bank, N.A.* (the "State Court Action").

2.     On April 2, 2026, Plaintiff served Wells Fargo with a Magistrate Summons (the "Summons") and a copy of the Complaint.  (*See* **Exhibit A** at 10.) A true and correct copy of all

process, pleadings, and orders of which Wells Fargo is aware from the State Court Action are attached to this Notice of Removal as **Ex. A**.

3. The district and division embracing the place where the action is pending is the United States District Court for the Western District of North Carolina, Charlotte Division. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 90(a)(2).

4. This notice is timely filed within thirty (30) days after Plaintiff served Wells Fargo with the Summons and Complaint setting forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(d), Wells Fargo will provide timely written notice of the removal to Plaintiff and will file a copy of the notice of removal in the State Court Action.

## II.    GROUNDS FOR REMOVAL

6. Removal of this action to this Court is proper under federal question jurisdiction. 28 U.S.C. §§ 1331 and 1441(c).

### A.    Federal Question

7. Removal to this Court is proper under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. The Complaint gives rise to federal question jurisdiction because a civil action is removable if the plaintiff could have originally brought the action in federal court pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Plaintiff's Complaint makes allegations regarding her credit report. (*See generally* Compl.) The Complaint essentially asserts violations under the Fair Credit Reporting Act (the "FCRA"), pursuant to 15 U.S.C. § 1681, *et seq.* Notably, Plaintiff contends that after a credit card dispute over dental work, Wells Fargo "reported negative information, which harmed my credit." (Compl. at 5, Addendum.) Further, Plaintiff seeks "damages for the improperly handled dispute, resulting financial loss, and credit damage." (*Id.*)

10. This Court interprets the FCRA's preemption provision using the statutory approach to any state law claim, and the allegations in the Complaint are preempted under §§ 1681t(b)(1)(F) and 1681h(e). *See Davis v. Trans Union, LLC,* 526 F. Supp. 2d 577, 588 (W.D.N.C. 2007). ("The statutory approach is further 'bolstered by the fact that Congress amended both § 1681t and § 1681h(e) in the same year, supporting the inference that Congress intended the two sections to work together.' Accordingly, this Court will follow the statutory approach." (quoting *Barnhill v. Bank of Am., N.A.*, 378 F.Supp.2d 696, 703 n. 2 (D.S.C. 2005)). "[T]he FCRA's express preemption provision, 15 U.S.C. § 1681t(b)(1)(F), preempts this [unfair and deceptive trade practices] state law claim, regardless of its underlying merits." *Rich v. Stern & Assocs., P.A.*, No. 3:15CV451, 2016 WL 4480695, at *2 (W.D.N.C. Aug. 24, 2016) (citing *Ross v. F.D.I.C.*, 625 F.3d 808, 812 (4th Cir. 2010)).

11. As such, this Court has original jurisdiction over Plaintiff's claims related to alleged credit reporting violations. *Edwards v. Equifax Info. Servs., LLC*, No. 1:19CV998, 2020 WL 5518590, at *3 (M.D.N.C. Sept. 14, 2020) ("This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution, laws or treaties of the United States; specifically, 15 U.S.C. § 1681 *et seq.*, otherwise known as the [FCRA].").

12.     Even if Plaintiff attempts to characterize her claims as arising under state law, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13.     As such, this Court has original jurisdiction over Plaintiff's claims related to alleged credit reporting violations and the FCRA. *See Parsons v. United Collections Bureau, Inc.*, No. 1:22-CV-00170-MR-WCM, 2022 WL 17095204, at *1 (W.D.N.C. Nov. 21, 2022) ("Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' A defendant may remove a civil action from a state court if the action is one 'of which the district courts of the United States have original jurisdiction.'" (quoting 28 U.S.C. §§ 1331 and 1441(a))).

14.     Here, because Plaintiff's causes of action in the Complaint are based on federal law, there is federal question jurisdiction. Further, because Plaintiff's state law claims, if any, arise from the same case and controversy, there is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.    PROCEDURAL REQUIREMENTS

15.     Wells Fargo files this Notice of Removal within one (1) year of the date of the commencement of the action for removal purposes. Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c)(1).

16. Wells Fargo also files this Notice of Removal within thirty (30) days of the attempted service of the Complaint. Therefore, this Notice of Removal is timely filed within the time prescribed by 28 U.S.C. § 1446(b)(1).

17. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

18. Wells Fargo is the only defendant in this case. Thus, all defendants to the claims over which this Court has original jurisdiction under 28 U.S.C. § 1331 have joined in or consented to the removal of the State Court Action.

19. In accordance with 28 U.S.C. § 1446(d), Wells Fargo will provide timely written notice of the removal to Plaintiff and will file a copy of the notice of removal in the State Court Action. A copy of the Notice of Filing Removal is attached hereto as **Exhibit B**.

## IV. RESERVATION OF RIGHTS

20. Wells Fargo does not concede in any way that the allegations in the Complaint are properly raised, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

21. Wells Fargo reserves the right to amend or supplement this Notice of Removal.

22. If any questions arise as to the proprietary of the removal of the action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Wells Fargo hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Respectfully submitted, this 30th day of April 2026.

**WELLS FARGO BANK, N.A.**

By: _/s/ James D. Horne, Jr._

James D. Horne, Jr. (N.C. State Bar No. 38737)
**TROUTMAN PEPPER LOCKE LLP**
301 South College Street, Suite 3400
Charlotte, North Carolina 28202
Telephone: 704–998–6515 | Facsimile: 704–998–4051
Email: jim.horne@troutman.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 30, 2026 a true and correct copy of the foregoing *Notice of Removal* was filed to the Court's CM/ECF e-filing portal which will provide automatic service via e-mail to all parties and counsel of record maintained by the Court in this case.

I FURTHER CERTIFY that a true and correct copy of the foregoing document was sent to Plaintiff via Federal Express and email at the following addresses:

Zdenka Voksa
10841 Twisted Bark Lane
Charlotte, North Carolina  28213

Email: zgirl1999@gmail.com

*/s/ James D. Horne, Jr.*

James D. Horne, Jr. (N.C. State Bar No. 38737)
**TROUTMAN PEPPER LOCKE LLP**
*Attorney for Wells Fargo Bank, N.A.*

- 7 -